**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Thomas,<br><br>            Plaintiff,<br><br>v.<br><br>Federal Express Corporation,<br><br>            Defendant. | No. CV-22-01960-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant Federal Express Corporation's ("Defendant") Motion to Dismiss (Doc. 5), filed on November 23, 2022. Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure and argues Plaintiff's claims are: (1) barred by the 300-day time limit for filing a charge with the Equal Employment Opportunity Commission; (2) barred due to Plaintiff's failure to exhaust administrative remedies; (3) and fails to establish the elements for discrimination, retaliation, or hostile work environment under Title VII. (Doc. 5 at 1). Plaintiff did not file a response to Defendant's Motion, and the time to do so has passed. *See* LRCiv. 7.2(c) (opposing party has 14 days after service within which to serve and file a responsive memorandum). This is despite the warning and extended response deadline that Plaintiff received. (*See generally* Doc. 7).

Under Rule 7.2 of the Local Rules of Civil Procedure, if a party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion

summarily." LRCiv. 7.2(i); *see also Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). Because Plaintiff failed to respond to Defendant's Motion to Dismiss, the Court will construe this as consent to granting the motion. Moreover, the Court finds that the bases for the motion are meritorious.

Accordingly,

**IT IS ORDERED** that Defendant Federal Express Corporation's ("Defendant") Motion to Dismiss (Doc. 5) is **GRANTED**. The Clerk of Court is kindly directed to terminate this action.

Dated this 23rd day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge